[No. 23644.   Department One.   June 6, 1932.]

THE STATE OF WASHINGTON, *on the Relation of J. W. Graham, Prosecuting Attorney for Mason County, Appellant,* v. F. C. WILLEY, *Justice of the Peace for Shelton Precinct, Mason County, Respondent.*[1]

[1]Reported in 12 P. (2d) 393.

*J. W. Graham,* for appellant.
*Chas. R. Lewis,* for respondent.

Mitchell, J.—The only question involved in this appeal, as stated in appellant's brief, is whether or not the power to suspend a sentence in a criminal action resides in a justice of the peace; or more specifically, as we understand from appellant's argument, whether the statute providing for the suspension of sentence in criminal actions confers power on a justice of the peace to suspend a sentence upon conviction of a crime within the jurisdiction of the justice of the peace to hear and determine, or does the statute relate only to the practice in the superior court. The trial court held that the statute applies to justice of the peace courts, and the prosecuting attorney has appealed.

The first act upon the subject, Laws of 1905, chapter 24, p. 49, provides for the suspension of sentence, within the discretion of the court, of persons under the age of twenty-one years convicted in the *superior court* of any misdemeanor or felony. In 1909, chapter 249, the legislature enacted what is frequently spoken of as a criminal code, section 52 (Rem. Comp. Stat., § 2304) of which specifically repealed chapter 24, Laws of 1905. Section 28 of the Act of 1909, p. 896, provided that, whenever a person under twenty-one years of age shall be convicted of *any crime,* except certain grave felonies enumerated in the section, *the court* may in its discretion stay and suspend sentence, etc. This section, carried as Rem. & Bal. Code, § 2280, was amended by chapter 69, Laws of 1921, p. 204, the same being Rem. Comp. Stat., § 2280, by providing, with respect to our present inquiry, that:

"Whenever any person never before convicted of a felony or gross misdemeanor shall be convicted of

*any crime* except . . ., *the court* may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended . . ."

Of course, this amendatory act of 1921 became a part of the criminal code of 1909.

Appellant's argument is that, because, under the original act, suspension could be granted in cases tried in the *superior court* where the one convicted was a minor, the later amendatory act was intended to extend the power to cases involving adults only, and indicates no purpose to include *inferior* courts; and to hold that inferior courts are included, would mean reading into the statute by implication something the legislature did not intend to include; and that "it would have been a very easy matter, had the legislature intended to give the power of suspension to inferior courts, to have so provided." With equal force, however, it may be said that, had the legislature not intended to do so, it would have been easy to say so, or confine the giving of such power by specifically naming only the *superior court,* as it did in the original act.

In 1909, the legislature had before it the act of 1905 limiting the power of suspension of sentence to the *superior court;* necessarily so, because it repealed that act. The act of 1909 speaks of the conviction of any person under the age of twenty-one years of *any crime,* that is, a felony (except certain very serious ones), gross misdemeanor or misdemeanor, with respect to which *the court,* that is, not only the *superior court* as theretofore, but any court, may, in its discretion, stay and suspend sentence. And again, in 1921, in amending the act of 1909, which, as stated, had repealed the original act of 1905, the legislature continued the application of the law to persons convicted of *any crime,*

except, etc., and that *the court* may stay and suspend, etc.

The act of 1909, chapter 249, p. 890, is, in effect, as stated, a criminal code. It defines and prescribes punishment for a great number of felonies, gross misdemeanors and misdemeanors, some of which at that time and since were and have been triable under general statutes in justice of the peace courts. The title of the act is:

"An act relating to crimes and punishments and the rights and custody of persons accused or convicted of crime, and repealing certain acts."

It contains no terms limiting its provisions to practice in the superior court nor purporting to discriminate against the rights and custody of persons convicted of crime in justice of the peace courts, as compared with those convicted in the superior courts, of the same class and kind of crimes. The justice of the peace court, as well as the superior court, is a court. The provision of the law with reference to the suspension of sentence is as applicable to the practice in the one court as in the other court, assuming, of course, in a given case, jurisdiction in other respects to hear and determine the action.

Affirmed.

MAIN, BEALS, HERMAN, and MILLARD, JJ., concur.