[No. 38479.    Department One.    July 14, 1966.]

THE STATE OF WASHINGTON, *on the Relation of Phillip Woodhouse, Appellant,* v. JAMES J. DORE, *Respondent.**

*Reported in 416 P.2d 670.

*Olwell, Boyle & Hattrup,* for appellant.

*Charles O. Carroll* and *Neal J. Shulman,* for respondent.

HALE, J.—Defendant Phillip Woodhouse petitioned the Superior Court for King County to review and set aside a sentence of 6 months' confinement entered by a justice of the peace of the Seattle district justice court. Pursuant to an order staying proceedings and directing issuance of a writ of certiorari, a hearing was held in superior court. Defendant now appeals the final order of the superior court which declared, *inter alia,* "that there was no abuse of judicial discretion" and "that the petition . . . for a writ of certiorari is denied, and that the matter be remanded to the justice court for disposition," and directed that the justice court transcript be returned to the court of Justice of the Peace, James J. Dore, Seattle District.

We do not have before us defendant's petition for writ of certiorari in the superior court nor the state's answer thereto. The record on appeal consists largely of facsimile entries from the dockets of the justice court, Seattle district, together with defendant's affidavit and affidavits from his attorney, a friend, and the justice of the peace who imposed the sentence. It additionally contains a letter giving notice of hearing to defendant Woodhouse, and other process issued by the court. This record shows that certiorari was sought upon the following proceedings and events.

July 2, 1964, the prosecuting attorney filed a complaint in the justice of the peace court, Seattle district, charging defendant with the offense of taking indecent liberties involving a 14-year-old minor. Justice of the Peace William Hoar, a judge of the Seattle district justice court, fixed bail at $500 and issued a 10-day summons directing the defendant to appear. The case came on regularly for arraignment July 17, 1964, before Justice of the Peace James J. Dore, one of the judges of the same court, at which time the defendant with his counsel present entered a plea of not guilty. The youth named in the complaint, concerning whom indecent liberties were charged to have been taken, testified for

the state. Docket entries show no further evidence was then offered and the case was thereupon continued for 10 days to July 27, 1964.

One must presume the judge granted the continuance pending receipt of a psychiatric report, either requested by the judge or offered by the defendant, for the record next shows a report dated July 22, 1964, addressed "To Whom It May Concern," written by a specialist in psychiatry. Obviously this report came to the personal attention of the justice of the peace before whom the case was pending for it bears an official stamp with the legend "Filed Jul 27 1964 James J. Dore Justice of the Peace." The report said that the defendant was highly intelligent, well educated, competent and not in need of psychiatric care.

On July 27, 1964, pursuant to the continuance of July 17th, the case was again called, at which time the defendant appeared with counsel; the prosecuting attorney then moved to amend or reduce the charge to that of contributing to the delinquency of a minor, which motion the court granted. Thereupon, the defendant entered a plea of guilty to the amended charge, and the court heard evidence and statements of counsel concerning the circumstances of the offense. On defendant's plea of guilty, the court then entered an order as shown on the docket:

It Is Therefore Ordered, Adjudged and Decreed that the defendant, Phillip Woodhouse, is guilty of the reduced charge of contributing to the delinquency of a minor, imposition of sentence is deferred for one year to July 26, 1965, and costs are to be paid.

Nearly 7 months later, February 10, 1965, the justice of the peace before whom the plea had been made notified defendant and his counsel by letter that "The Court has scheduled a hearing of the above cause on Tuesday, February 16th at 1:30 P.M. The nature of the hearing will be to review the deferred sentence." At this scheduled hearing, docket entries show the following:

February 16, 1965. Cause called for review.
State appearing in court by Deputy Prosecuting Attorney Neal Shulman.

Defendant appearing in court in person and by Attorney Clint Hattrup.

Phillip Woodhouse sworn and testified for self.

Court revokes deferred sentence and imposes a sentence of six months in the County Jail.

Oral Notice of Appeal given.

Court sets appeal bond at $250.00.

Appeal Bond posted and approved.

Defendant urges error in the superior court's refusal to find that the justice of the peace denied defendant due process of law in the following particulars: In failing to inform defendant with reasonable certainty of the probation violations claimed; in arbitrarily and capriciously revoking the probation theretofore granted; and in passing sentence.

What transpired at the revocation hearing is set forth in affidavits which conflict in several important particulars. Defendant stated by affidavit:

> That at the time the sentence was deferred on or about July 27, 1964, affiant understood the oral conditions of the Seattle District Justice Court Judge, James J. Dore, to be in substance that he have no further improper, or immoral, conduct with [youth], or with any other person with regard to the particular subject matter of the charge. That affiant states he has faithfully complied with the letter and spirit of said conditions, that he has refrained completely from any criminal, immoral or improper conduct with [youth], or any other person. That since July 27, 1964, affiant has not physically touched [youth], nor has [youth] physically touched defendant.

and declared that he had complied with the court's oral conditions of probation.

His counsel, by affidavit, said that the judge had not required defendant to move from the neighborhood where the youth lived and that the defendant had not been shown guilty of any conduct constituting a violation of the conditions orally imposed by the court. An affidavit of defendant's friend, filed on defendant's behalf, described one of the incidents upon which the court apparently terminated defendant's probation. It said:

> After coming home from work in the early evening, Phillip Woodhouse and I had dinner and decided to drive out to Sears, Roebuck to do some evening shopping. On the way to the store our route goes directly by the Seattle Times newsboys' shack, and on the evening in question at about 7/7:30 while driving by the shack we saw that the newsboys' meeting was terminating, and [youth] was there. We stopped and spoke to him briefly, and he requested to come over to our apartment and use our shop where there are some reference books we have. In response to his request we drove back to the apartment, left it unlocked for him, and he came over on his bicycle. Phillip Woodhouse and I then proceeded out to Sears, Roebuck where we stayed until 9 p.m., at which time we returned direct to our apartment. [Youth] was still there, and after finishing the project on which he was working, which took another 5 minutes or so, he departed on his bicycle for his home.

It added that nothing of an improper nature had occurred.

The superior court also had before it the affidavit of James J. Dore, Justice of the Peace, which said in part:

> Affiant further states that during the month of February, 1965, he received information from officers of the Seattle Police Department that the defendant Woodhouse had visited the victim [youth]; that based on this information a hearing was set for February 16, 1965, to consider revocation of the order deferring imposition of sentence; that on February 16, 1965 the defendant Woodhouse and his attorney, Clinton Hattrup, were present in court, as well as Neal J. Shulman, deputy prosecuting attorney, representing the plaintiff, State of Washington; that the defendant Woodhouse was given notice that he appeared to be in violation of the conditions of his deferral, and was given an opportunity to testify; that defendant Woodhouse admitted visiting the victim [youth] in the victim's home; that as a result of the reports and testimony of the defendant, affiant revoked the order deferring imposition of sentence and sentenced the defendant to six months in the county jail.

Defendant took the witness stand at the revocation hearing, and, after testifying, made no application for a continuance or any offer to present further evidence.

Our decision in this case should not be taken to mean

that a justice of the peace presiding in a district justice court has jurisdiction to defer imposition of sentence, for the question was not argued here and grave doubts exist as to whether that court has such powers. Although justice of the peace courts do have jurisdiction to suspend sentence, that is, impose the sentence and suspend execution thereof in accordance with the provisions of RCW 9.92.060 (*State ex rel. Graham v. Willey,* 168 Wash. 340, 12 P.2d 393 (1932)), this statutory power to suspend the sentence does not necessarily carry with it a power to defer imposition of sentence once guilt has been established as a fact in the proceedings. *Cf. Tembruell v. Seattle,* 64 Wn.2d 503, 392 P.2d 453 (1964).

The power to defer imposition of sentence, as with the power to suspend, must come expressly from the legislature. Power to defer imposition of sentence has been granted explicitly to the superior courts in RCW 9.95.200, 9.95.210, and power to suspend sentence vested in all courts in RCW 9.92.060, none of these being inherent in the courts but rather deriving from powers granted by the legislature.

■ In deferring imposition of sentence for one year, the justice of the peace apparently acted under Laws of 1961, ch. 299, § 81, p. 2450 (RCW 3.50.320), but we read that section as designed particularly for and applicable to only municipal courts. Although the point was not raised on this appeal, we find nowhere that this section can be read to extend the power of deferring sentence to the district justice of the peace courts.

But assuming arguendo, for the purposes of this case only, that the court properly deferred imposition of sentence, did the defendant present a sufficient record to show that the court denied him a fair hearing, and arbitrarily and capriciously revoked his probation and imposed sentence without due process of law?

■■ The record failed to convince the superior court and fails to convince us that defendant's position is sound. Once guilt has been established as a fact, either by acknowledgment through plea of guilty or by trial, whether probation shall be granted rests in the sound discretion of the trial court. It comes as an act of judicial grace or lenience

motivated by many judicial hopes, among which are that the offender will mend his ways, make restitution and avoid not only repetition of his offense but the appearance thereof. *State v. Giraud*, 68 Wn.2d 176, 412 P.2d 104 (1966); *State v. Williams*, 51 Wn.2d 182, 316 P.2d 913 (1957). Because of the broad discretionary nature of both this ameliorative power and the terms and conditions which the court may impose, a proceeding to revoke or modify the conditions of probation is not deemed a criminal proceeding within the Bill of Rights and 14th amendment of the federal constitution or art. 1, § 22 of the state constitution. *State v. Shannon*, 60 Wn.2d 883, 376 P.2d 646 (1962); *Escoe v. Zerbst*, 295 U.S. 490, 79 L. Ed. 1566, 55 Sup. Ct. 818 (1935).

Defendant, having accepted probation—even though granted under doubtful power to defer imposition of sentence—was entitled to a hearing on reasonable notice but not a formal trial on whether his conduct warranted termination of the probation, or supported a discretionary determination that his probation was a failure.

The whole record, including the justice court's affidavit and affidavits presented by the defendant, shows that defendant was well aware of the acts which the court believed to constitute a breach and consequent failure of probation. Defendant's testimony supported the court's belief on this point, and defendant made no offer to present evidence refuting the alleged grounds for revocation. The trial court properly held that defendant had reasonable notice of the circumstances and events which the court deemed a violation of probation.

If, as was said in *Escoe v. Zerbst, supra*, the "end and aim of an appearance before the court must be to enable an accused probationer to explain away the accusation" the record here shows that (1) the court by letter gave defendant notice that his probation was under review; (2) defendant appeared in court with counsel pursuant to this notice and was informed from the bench as to the events constituting a violation; (3) he testified in his own behalf, and confirmed the events on which revocation of probation

was ordered; and (4) he did not offer proof to refute this evidence.

█ Once the fact of guilt has been established in accordance with due process of law, as it was here by a plea of guilty competently made, all further proceedings of a judicial nature, except where prescribed by statute, fall within the court's broad discretionary powers. Although the defendant may be heard on such matters as the granting, denial or revocation of probation, the hearing need not meet the standards of due process prescribed for the trial of criminal cases. It is sufficient if the defendant is apprised of the reasons for and facts upon which the contemplated revocation depends and is given fair opportunity to be heard in defense, refutation, or explanation of them. But the right to be heard does not include a correlative right to a formal trial.

█ If the record discloses sufficient facts warranting a judicial officer to reasonably conclude that the probation has been a failure or in the words of the statute (RCW 9.95.220) that the probationer is *violating the terms of his probation,* or engaging in criminal practices, or is abandoned to improper associates, or living a vicious life," then the courts of review ought not substitute their discretion in the premises for that of the sentencing judge. (Italics ours.)

We think the record in this case supports the superior court's conclusion that no abuse of discretion was established in revoking appellant's probation and imposing sentence.

Affirmed.

ROSELLINI, C. J., HILL, OTT, and HUNTER, JJ., concur.