[No. 65226-5-I.   Division One.   October 10, 2011.]

THE CITY OF SEATTLE, *Petitioner*, v. HUGH K. SISLEY ET AL., *Respondents*.

262

*Peter S. Holmes, City Attorney*, and *Tamera L. Van Ness, Assistant*, for petitioner.

*Jeffrey C. Grant* (of *Skellenger Bender PS*), for respondents.

¶1 ELLINGTON, J. — Washington's district courts have monetary jurisdiction over civil claims not exceeding $75,000. Municipal courts have concurrent jurisdiction with district courts. The question here is whether the monetary jurisdiction limit applies when a municipal court acts under its own powers, rather than under its concurrent authority. We hold it does not and reverse.

## BACKGROUND

¶2 The city of Seattle (City) filed this action against Hugh and Martha Sisley in municipal court, alleging violations of the city housing code. The municipal court tried the matter, found violations, and entered penalty judgments of $247,000 and $368,000. The Sisleys appealed to King County Superior Court.

¶3 The superior court affirmed the findings of code violations but reversed the penalties, holding that RCW 3.66.020, which limits district court jurisdiction to claims not exceeding $75,000, applies to municipal courts. The superior court reasoned that because municipal courts have concurrent jurisdiction with district courts under RCW 35.20.250, they are subject to the district court monetary jurisdictional limitation.

¶4 The City appeals.

## DISCUSSION

[1] ¶5 Municipal courts are courts of limited jurisdiction and have only those powers affirmatively granted by the legislature.[1]

---

[1] *City of Medina v. Primm*, 160 Wn.2d 268, 273, 157 P.3d 379 (2007).

¶6 Three statutes are at issue here. We review questions of statutory interpretation de novo.[2] If a statute's meaning is plain on its face, we follow that plain meaning.[3] The plain meaning is discerned from the ordinary meaning of the language, the context of the statute, related provisions, and the statutory scheme as a whole.[4] Here, the statutes are plain and the legislative history is consistent.

¶7 First, RCW 35.20.030 grants municipal courts jurisdiction to try all violations of municipal ordinances:

> The municipal court shall have jurisdiction to try violations of all city ordinances[,] . . . to hear and determine all causes, civil or criminal, arising under such ordinances, and to pronounce judgment in accordance therewith: PROVIDED, That for a violation of the criminal provisions of an ordinance no greater punishment shall be imposed than a fine of five thousand dollars.[5]

Although the statute imposes a limit on criminal fines, it places no limit on penalties in cases arising under city ordinances.[6]

¶8 Next, RCW 35.20.250 grants municipal courts concurrent jurisdiction with district courts for civil and criminal matters within the jurisdiction of district courts:

> The municipal court shall have concurrent jurisdiction with the superior court and district court in all civil and criminal matters as now provided by law for district judges, and a judge thereof may sit in preliminary hearings as magistrate. Fines,

---

[2] *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010); *Spokane County v. Bates*, 96 Wn. App. 893, 896, 982 P.2d 642 (1999).

[3] *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002).

[4] *Udall v. T.D. Escrow Servs., Inc.*, 159 Wn.2d 903, 909, 154 P.3d 882 (2007) (quoting *Tingey v. Haisch*, 159 Wn.2d 652, 657, 152 P.3d 1020 (2007)).

[5] *See also Avlonitis v. Seattle Dist. Court*, 97 Wn.2d 131, 136, 641 P.2d 169, 646 P.2d 128 (1982). Municipal court decisions are subject to review by superior court. RCW 35.20.030; RALJ 1.1, 2.3.

[6] *See* RCW 35.20.030.

penalties, and forfeitures before the court under the provisions of this section shall be paid to the county treasurer.

As summarized by the Supreme Court in *Avlonitis v. Seattle District Court*, a municipal court may exercise the same powers as a district court to try violations of state law, but retains "exclusive original jurisdiction" to try violations of municipal ordinances.[7]

¶9 Finally, RCW 3.66.020 provides that district courts have no jurisdiction if a claim exceeds $75,000: "If the value of the claim or the amount at issue does not exceed seventy-five thousand dollars, exclusive of interest, costs, and attorneys' fees, the district court shall have jurisdiction." When a claim exceeds that value, it may be removed to superior court.[8]

¶10 A municipal court exercising its concurrent jurisdiction under RCW 35.20.250 is thus subject to the $75,000 jurisdictional claim limit under RCW 3.66.020.

¶11 The Sisleys contend, and the superior court agreed, that the municipal court is also subject to that limitation when it exercises its exclusive jurisdiction to decide municipal code violations. This is a misreading of the statutes.

¶12 RCW 35.20.250 grants municipal courts authority to hear state law violations as departments of the district courts but says nothing about the municipal court's other powers. RCW 35.20.030 grants municipal courts exclusive jurisdiction to hear violations of city ordinances "and to pronounce judgment in accordance therewith." The statutes reveal no intent to impose the district court monetary limit upon a municipal court exercising its original jurisdiction to determine municipal code violations. In fact, the legislative history and language of the statutes indicate otherwise.

¶13 RCW 35.20.030 limits criminal violation fines to $5,000 but makes no limit on civil penalties. When a statute

---

[7] 97 Wn.2d 131, 136, 641 P.2d 169, 646 P.2d 128 (1982) (emphasis omitted); *City of Spokane v. Spokane County*, 158 Wn.2d 661, 682, 146 P.3d 893 (2006).

[8] CRLJ 14A(a).

lists the things upon which it operates, we presume the legislature intended the omissions.[9] The legislative history of RCW 35.20.030 supports the presumption that the legislature intended not to limit civil penalties. The legislature has amended the statute six times since 1955, including an increase to the maximum criminal penalty amount, but has never established civil penalty limits.[10]

¶14 Further, penalties assessed by a municipal court for violations of municipal ordinances benefit the city treasury.[11] Penalties assessed by a municipal court exercising concurrent jurisdiction are paid to the county treasurer "as provided for district court."[12] This directive reflects legislative recognition that different procedures will apply when the municipal court exercises concurrent jurisdiction.

¶15 First-class cities, including Seattle, are self-governing bodies, and the only limitation on their power is that their actions cannot contravene constitutional provisions or legislative enactments.[13] The Seattle housing code contains enforcement provisions and authorizes cumulative penalties for certain ongoing violations.[14] The municipal court pronounced judgment in accordance with the code and as authorized by RCW 35.20.030, and the Sisleys do not assert the judgment or penalties were not authorized by the code or were in violation of any statute.

¶16 The City has the right to enforce its ordinances. To superimpose the district court jurisdiction limit upon municipal code enforcement proceedings is to frustrate the

---

[9] *Wash. Republican Party v. Pub. Disclosure Comm'n*, 141 Wn.2d 245, 280, 4 P.3d 808 (2000).

[10] The criminal penalty limit was increased from $500 to $5,000 in 1984. LAWS OF 1984, ch. 258, § 801. RCW 35.20.030 was amended in 2005, 2000, 1993, 1984, 1979, and 1965.

[11] *See* SEATTLE MUNICIPAL CODE (SMC) 22.206.280.

[12] RCW 35.20.250.

[13] *Winkenwerder v. City of Yakima*, 52 Wn.2d 617, 622, 328 P.2d 873 (1958).

[14] *See* SMC 22.206.280.

City's enforcement scheme and improperly undermine the power granted to the City by the legislature.

¶17 The Sisleys concede the municipal court has exclusive original jurisdiction to determine whether a code violation has occurred. But they argue that allowing a municipal court to assess a higher penalty than could a district court somehow undermines the hierarchy of Washington's judicial infrastructure by elevating municipal courts above district courts. This argument presumes that the powers granted to the lower courts comprise a regimented stepladder of descending authority, which is not an accurate description. The concern expressed by the Sisleys is not shared by the legislature or this court.

¶18 The limitation on the monetary jurisdiction of district courts applies to municipal courts exercising concurrent jurisdiction under RCW 35.20.250. It does not apply otherwise. We reverse and remand for reinstatement of the municipal court judgment.

DWYER, C.J., and BECKER, J., concur.

Review denied at 173 Wn.2d 1022 (2012).