

FILE

OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE MAY 02 2013

Madsen C.J.
CHIEF JUSTICE

This opinion was filed for record
at 8:00 a.m. on May 2, 2013

Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CITY OF SEATTLE, | ) | No. 86148-0 |
| Respondent, | ) | |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| DONALD E. FULLER, | ) | |
| | ) | |
| Petitioner. | ) | Filed   MAY 02 2013 |

MADSEN, C.J.—Historically, the legislature granted all courts the authority to impose restitution. In 1996, the legislature amended two statutes addressing restitution, RCW 9.92.060 and RCW 9.95.210, adding language which the defendant, Donald Fuller, contends divested municipal courts of this authority, except in limited circumstances. Considering the amendments to these statutes in light of the legislature's intent and the surrounding statutes and case law, we hold that the amendments did not alter the authority of municipal courts to impose restitution and we affirm the Court of Appeals.

## FACTS

Donald Fuller was charged in Seattle Municipal Court with one count of obstructing a law enforcement officer under RCW 9A.76.020 and one count of assault

under SMC 12A.16.010. Following a jury trial, Fuller was acquitted of assault but convicted of obstructing a law enforcement officer. He was sentenced to 365 days in jail with 358 suspended, a $5,000 fine with $5,000 suspended, and he was ordered to pay restitution.

Fuller appealed to the King County Superior Court, arguing that the municipal court lacked the authority to order restitution and that restitution may only be imposed in lieu of a fine under RCW 9A.20.030. The superior court rejected this argument, holding that the trial court did not abuse its discretion by ordering restitution and that it had the authority to order both restitution and a fine under the reasoning of *State v. Barnett*, 36 Wn. App. 560, 562, 675 P.2d 626 (1984). Fuller filed a motion for reconsideration that was denied. He then filed a motion for discretionary review in the Court of Appeals, which held that RCW 35.20.010(1) (granting courts the powers and jurisdiction generally conferred in the state by common law or statute) gives the municipal court authority to impose both a fine and restitution.[1]

## ANALYSIS

Fuller claims that Seattle Municipal Court exceeded its authority when the court imposed restitution in addition to a fine and a suspended jail sentence. Specifically, he argues that the 1996 amendments to RCW 9.92.060(2) and RCW 9.95.210(2) divested Seattle Municipal Court of its authority to impose restitution as a condition of sentencing.

---

[1] While this case was pending, the municipal court granted the city's motion to vacate Fuller's conviction.

Prior to 1996, RCW 9.92.060(2) and RCW 9.95.210(2) authorized all courts to impose restitution as a condition of suspending sentences. Former RCW 9.92.060(2) (1995) provided that, as part of an order suspending sentence, "[t]he court may require the convicted person . . . to make restitution," and former RCW 9.95.210(2) (1995) similarly stated that "[t]he court may also require the defendant to . . . make restitution" as a condition of probation.

In 1996, the legislature amended these statutes to include the word "superior" preceding "court." LAWS OF 1996, ch. 298, §§ 3, 5.[2] Fuller argues that these amendments limit the authority to impose restitution to superior courts and that our analysis should end with the language of the statutes. However, read in isolation, these statutes tell us nothing about a municipal court's authority to impose restitution. Instead,

---

[2] In relevant part, RCW 9.92.060(2) now provides:

As a condition to suspension of sentence, the superior court . . . may require the convicted person to make such monetary payments, on such terms as the superior court deems appropriate under the circumstances, as are necessary: . . . (b) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question or when the offender pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement.

Similarly, following the 1996 amendments, RCW 9.95.210(2) provides:

In the order granting probation and as a condition thereof, the superior court may . . . also require the defendant to make such monetary payments, on such terms as it deems appropriate under the circumstances, as are necessary: . . . (b) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question or when the offender pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement.

a proper resolution of the issue presented requires a review of the suspended sentencing and probation statutes and the interplay of other related statutes and case law.

The first act authorizing suspended sentences provided for suspending the sentences of persons under 21 years of age, convicted in superior court of a misdemeanor or felony. LAWS OF 1905, ch. 24, § 1. In 1909, that chapter was repealed and the legislature created a criminal code. LAWS OF 1909, ch. 249. Section 28 of the new act maintained much of the language from the original law but deleted the word "superior" before "courts," among other changes not relevant to this case. LAWS OF 1909, ch. 249, § 28. In 1921, the statute was amended to apply to all convicted persons, not merely those under 21. Subsequently, there was a question as to whether the legislature had intended the statute to apply to all courts when it eliminated the age limit. *State v. Willey*, 168 Wash. 340, 343, 12 P.2d 393 (1932). In *Willey*, the court held that the absence of both the terms limiting the statutory provisions to superior courts and any language suggesting the legislature intended to discriminate between defendants convicted of the same crimes in justice of the peace courts and in superior courts indicated the legislature meant the statute to apply to all courts. *Id.*

In 1939, the probation statute was enacted, authorizing courts to impose restitution as a condition of probation. REM. REV. STAT. § 10249-5b. Ten years later, the suspended sentence statute was amended to include similar restitution powers.[3] REM. REV. STAT. § 2280 (Supp. 1949). These statutes were again amended in 1996, and

---

[3] The suspended sentence and probation statutes were codified under the current code in 1950. RCW 1.04.010.

"superior" was reinserted preceding "court" throughout both RCW 9.92.060(2) and RCW 9.95.210(2). LAWS OF 1996, ch. 298, §§ 3, 5. The bill report accompanying the 1996 amendments reveals the purpose of the amendments was to authorize the Department of Corrections (DOC) to supervise misdemeanants and gross misdemeanants sentenced in superior court, while still allowing the counties to supervise misdemeanants and gross misdemeanants in district court. FINAL B. REP. on Substitute H.B. 2533, 54th Leg., Reg. Sess. (Wash. 1996). DOC previously had this authority until 1994, when a budget condition removed that authority. *Id.* The bill report does not mention restitution. *Id.*

The fundamental purpose in construing statutes is to ascertain and carry out legislative intent. *Arborwood Idaho, LLC v. City of Kennewick*, 151 Wn.2d 359, 367, 89 P.3d 217 (2004). The legislature's intent can be discovered from the plain meaning of the statute, which is determined "from all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question." *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 11, 43 P.3d 4 (2002). The court must not add words where the legislature has chosen not to include them, and the statute must be construed so that all language is given effect. *Restaurant Dev., Inc. v. Cananwill, Inc.*, 150 Wn.2d 674, 682, 80 P.3d 598 (2003). If the statute remains susceptible to more than one reasonable meaning, it is ambiguous and the legislative history and circumstances surrounding its enactment may be considered. *Id.* Constructions that yield unlikely, absurd, or strained consequences must be avoided. *Kilian v. Atkinson*, 147 Wn.2d 16, 21, 50 P.3d 638 (2002).

A plain reading of RCW 9.92.060(2) and RCW 9.95.210(2) demonstrates that these statutes only address the authority of superior courts to impose restitution and thus do not themselves provide such authority to limited jurisdiction courts. However, these courts derive authority from multiple sources, including RCW 35.20.250[4] and RCW 35.20.010(1),[5] which grant municipal courts concurrent jurisdiction with and general powers of superior and district courts. *See City of Seattle v. Briggs*, 109 Wn. App. 484, 489-90, 38 P.3d 349 (2001) (determining that RCW 35.20.030 did not define the full jurisdiction of municipal courts and that RCW 35.20.250 expressly gave municipal courts concurrent jurisdiction over misdemeanors). In the absence of a contrary statutory intent, these statutes may grant limited jurisdiction courts the same restitution powers possessed by superior court. *See Avlonitis v. Seattle Dist. Ct.*, 97 Wn.2d 131, 136-37, 641 P.2d 169, 646 P.2d 128 (1982) (limiting the exercise of powers under RCW 35.20.250 to criminal cases involving concurrent jurisdiction and also stating that, arguably, the municipal court could suspend a sentence in the manner authorized for justice courts); *State v. Wicklund*, 96 Wn.2d 798, 803-04, 638 P.2d 1241 (1982).

The question here is whether the 1996 amendments to RCW 9.92.060(2) and RCW 9.95.210(2) evidence the legislature's intent to limit the authority to order restitution to superior courts and thus limit the application of RCW 35.20.250 and RCW

---

[4] RCW 35.20.250 grants "concurrent jurisdiction with the superior court and district court in all civil and criminal matters as now provided by law for district judges" to municipal courts in cities with populations over 400,000.

[5] RCW 35.20.010(1) authorizes the creation of municipal courts in cities with populations over 400,000 and states that the courts "shall have jurisdiction and shall exercise all the powers by the chapter declared to be vested in such municipal court, together with such powers and jurisdiction as is generally conferred in this state by common law or statute."

6

35.20.010(1). In reviewing the language of the statutes at issue, along with related statutes and case law, we believe the legislature did not intend to alter the power of municipal courts to impose restitution.

Turning first to RCW 9.92.060(2) and RCW 9.95.210(2), we note that the legislature did not limit superior courts to imposing restitution only in felony cases. Thus, superior courts retain the authority to impose restitution in misdemeanor cases heard in superior court. As noted, municipal courts have concurrent jurisdiction with superior courts over misdemeanors "together with such powers" as "generally conferred in this state by common law or statute." RCW 35.20.010(1). As in *Willey*, there is no language in RCW 9.92.060(2) and RCW 9.95.210(2) suggesting the legislature intended to discriminate between defendants convicted of the same crimes in superior courts and municipal courts. Because superior courts have authority to impose restitution in misdemeanor cases and municipal courts have concurrent jurisdiction over misdemeanors, it is logical to conclude that the legislature did not intend to deprive municipal courts of the power to impose restitution as a condition of suspending sentence.

Indeed, the 1996 amendments to RCW 9.92.060(2) and RCW 9.95.210(2) have no language restricting limited jurisdiction courts from imposing restitution. Rather, the amendments simply grant superior courts that power. Thus, when RCW 35.20.010(1) is read in conjunction with these statutes, municipal courts can derive restitution authority because it is a power possessed by the superior court. To require all powers of a

7

municipal court to be expressly stated would render meaningless the language: "together with such powers and jurisdiction as is generally conferred in this state either by common law or statute." RCW 35.20.010(1).

The idea that powers possessed by one court should be conferred to another when hearing the same cases was discussed in *Wicklund*, 96 Wn.2d at 804. In *Wicklund*, this court analyzed whether RCW 3.66.010 granted courts of limited jurisdiction the authority to continue a proceeding to determine competency under RCW 10.77.090, *repealed by* LAWS OF 2007, ch. 375, § 17. *Id.* at 803-04. RCW 3.66.010 is similar to RCW 35.20.010 in that it confers to district courts all the necessary powers possessed by courts of record. The respondent in *Wicklund* contended that chapter 10.77 RCW contained numerous references to "felonious acts" and did not affirmatively grant authority to courts of limited jurisdiction, limiting those courts to only their inherent judicial powers to make competency determinations. *Id.* at 801. This court disagreed and held that the power to determine competency was a necessary power of all criminal courts. *Id.* at 804. Since chapter 10.77 RCW was not inconsistent with the powers and duties of courts of limited jurisdiction, the court held that chapter 10.77 RCW applied to courts of limited jurisdiction through RCW 3.66.010, despite the absence of language in RCW 3.66.010 explicitly naming that power. *Wicklund*, 96 Wn.2d at 803-04.

Although the authority to impose restitution is statutory and not an inherent power of courts, the reasoning of *Wicklund* has force. Superior courts possess the power to impose restitution in misdemeanor cases, the same cases that are heard in municipal

courts. Similar to superior courts, suspending sentences with conditions is consistent with the powers and duties of courts of limited jurisdiction. As the court said in *Wicklund*, "there is no logical reason" to believe the legislature intended to limit the authority to impose restitution in misdemeanor cases granted in RCW 9.92.060(2) only to superior courts. *Id.* at 804; *see also Avlonitis*, 97 Wn.2d at 137 (suggesting that "arguably, a municipal court may be entitled . . . to suspend sentence[s] in the manner granted justice courts" in cases involving violations of state criminal statutes).

The dissent contends that the addition of "superior" before "court" demonstrates the legislature's intent to discriminate between defendants convicted of the same crimes in superior and municipal courts. Dissent at 7. Respectfully, the dissent misconstrues the discrimination language from *Willey*. In *Willey*, this court stated that the suspension act contained no terms limiting suspension powers to superior court "nor purporting to discriminate against the rights and custody of persons" who are convicted of the same crimes but in different courts. *Willey*, 168 Wash. at 393-94. While the inclusion of "superior" could be read as a limiting term, it is separate from whether there is language demonstrating the legislature's intent to remove restitution authority from municipal courts, thereby treating the same defendants differently in different courts. In fact, the accompanying bill report suggests there was no such intention at all, as evidenced by the lack of any language addressing restitution authority. Instead, the bill report states the purpose of the amendments was to ensure that DOC could supervise misdemeanants and gross misdemeanants in superior court, as was historically the case until a budget proviso

from the 1994 legislative session put this authority into doubt. FINAL B. REP. on Substitute H.B. 2533, 54th Leg., Reg. Sess. (Wash. 1996). Nothing suggests that the addition of "superior" was intended to alter the restitution scheme that had been in place for 75 years. The dissent also raises concerns that our interpretation could "sweep in" the felony restitution power under RCW 9.94A.505 of the Sentencing Reform Act of 1981 (SRA) or the mandatory restitution provision under RCW 13.40.190 of the Juvenile Justice Act of 1977. Dissent at 6. However, this fear ignores that municipal courts do not have concurrent jurisdiction with superior courts in felony cases, nor would the Juvenile Justice Act of 1977 be applicable to municipal courts because a "court" is defined as a juvenile court judge or commissioner. RCW 13.40.020. In contrast, municipal courts *do* have concurrent jurisdiction with superior courts to hear misdemeanors. Where the same cases are heard, it is logical that the same restitution powers should exist. *Briggs*, 109 Wn. App. at 490.

It is also important to recognize that RCW 9.92.060(2) and RCW 9.95.210(2) do not contain all that the legislature has said about restitution. For example, RCW 3.66.120 provides that "[a]ll court-ordered restitution obligations that are ordered as a result of a conviction for a criminal offense in a court of limited jurisdiction may be enforced in the same manner as a judgment in a civil action by the party . . . to whom the legal financial obligation is owed." Similarly, RCW 3.66.130 refers to "any court-ordered restitution obligation entered pursuant to [Title 3 RCW]"; however, the only statute under Title 3 that could authorize restitution is RCW 3.66.010, which authorizes necessary powers

10

possessed by courts of record to district court. *See* RCW 3.66.120, .130 (found within district court's Title 3 RCW provisions). If courts of limited jurisdiction, including municipal courts, lack authority to impose restitution then these statutes have no purpose.

The enactment date of RCW 3.66.120 and RCW 3.66.130 also supports the conclusion that the legislature intended that courts of limited jurisdiction have authority to impose restitution. Both RCW 3.66.120 and RCW 3.66.130 were enacted after the 1996 amendments to RCW 9.92.060(2) and RCW 9.95.210(2), suggesting that the legislature did not intend to limit the authority to impose restitution to only superior courts by its act of removing "superior" from RCW 9.92.060(2) and RCW 9.95.210(2). Additionally, the bill report for RCW 3.66.120 and RCW 3.66.130 recognized that "a court of limited jurisdiction may order that the offender pay restitution to the victim." FINAL B. REP. ON SUBSTITUTE H.B. 1117, 57th Leg., Reg. Sess. (Wash. 2001). There would be no reason for the legislature to enact these statutes if it intended to limit the authority of courts of limited jurisdiction when it amended RCW 9.92.060(2) and RCW 9.95.020.

The city also argues that restitution may be implied under the grant of authority to fix the terms of a deferral or suspension of sentence under RCW 35.20.255. RCW 35.20.255(1) states:

> Judges of the municipal court, in their discretion, shall have the power in all criminal proceedings within their jurisdiction including violations of city ordinances, to defer imposition of any sentence, suspend all or part of any sentence including installment payment of fines, fix the terms of any such deferral or suspension, and provide for such probation as in their opinion is reasonable and necessary under the circumstances.

11

Because there is no language in either RCW 9.92.060(2) or RCW 9.95.210(2) prohibiting courts of limited jurisdiction from imposing restitution, the city argues that it can be implied under RCW 35.20.255, citing *City of Seattle v. Sisley*, 164 Wn. App. 261, 265-66, 263 P.3d 610 (2011) ("When a statute lists the things upon which it operates, we presume the legislature intended the omissions.").

Fuller disagrees, arguing that RCW 35.20.255 fails to provide separate authorization for restitution and suspension of a sentence, as is found in RCW 9.92.060(1) and RCW 9.92.060(2). In support of his argument, Fuller relies on *State ex rel. Woodhouse v. Dore*, 69 Wn.2d 64, 68-9, 416 P.2d 670 (1966), where this court suggested that RCW 9.92.060 does not necessarily grant all sentencing powers to limited jurisdiction courts. The court stated that while justice of the peace courts have authority to suspend a sentence under RCW 9.92.060, this provision does not necessarily grant the court the power to defer imposition of a sentence once guilt has been established. *Dore*, 69 Wn.2d at 69. We said that these powers must come expressly from the legislature and that the justice of the peace had apparently acted under RCW 3.50.320, which the court read as pertaining only to municipal court sentence deferrals. *Id.*

*Dore* is unhelpful. First, the question of whether the district court had authority to defer sentences was not argued. Moreover, this court assumed without deciding that the district judge did have authority to defer sentencing under RCW 3.50.320. Finally, because the district judge relied on RCW 3.50.320, the *Dore* court did not discuss

12

whether the district judge had authority to defer sentences through operation of RCW 3.66.010, which was enacted five years earlier.

Even though we disagree with Fuller that RCW 35.20.255 cannot provide authority for imposing restitution because it does not specifically mention restitution, we do agree that RCW 35.20.255 alone is not enough to confer restitution authority. Rather, the authority to make restitution a condition of suspension or deferral has to be read in conjunction with other statutes, as explained above.

Finally, the parties both acknowledge that RCW 9A.20.030(1) might be another source of authority for imposing restitution. That statute provides in relevant part:

> If a person has gained money or property or caused a victim to lose money or property through the commission of a crime, upon conviction thereof or when the offender pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement, the court, in lieu of imposing the fine authorized for the offense under RCW 9A.20.020, may order the defendant to pay an amount, fixed by the court, not to exceed double the amount of the defendant's gain or victim's loss from the commission of a crime.

RCW 9A.20.030(1). Unlike RCW 9.92.060(2) and RCW 9.95.210(2), the statute does not specifically refer to superior courts. Although Fuller has a number of arguments regarding this provision, which we address below, he does acknowledge that under this statute a municipal court might have authority to impose restitution in lieu of a fine.

We turn now to Fuller's remaining argument that even if the municipal court has authority to impose restitution, RCW 9A.20.030(1) bars courts from imposing both a fine and restitution. That provision references RCW 9A.20.020, which lists authorized

13

sentences from crimes committed before July 1, 1984. Fuller argues that this is the only possible place from which statutory authority to impose restitution may derive for municipal courts but that this statute does not authorize municipal courts to impose restitution to post-1984 crimes when a fine has been imposed.

Specifically, Fuller argues that RCW 9A.20.030(1) does not presently authorize municipal courts to impose restitution because RCW 9A.20.030 references only RCW 9A.20.020, and RCW 9A.20.020 applies only to crimes committed before July 1, 1984. He recognizes that his position was rejected by the Court of Appeals in *State v. Shannahan*, 69 Wn. App. 512, 514, 849 P.2d 1239 (1993), which held in a footnote that RCW 9A.20.030 applied with equal force to crimes after July 1, 1984 under RCW 9A.20.021.[6] Nevertheless, Fuller argues that *Shannahan* was incorrectly decided. We disagree—*Shannahan* did properly interpret RCW 9A.20.030 to apply to post-July 1, 1984 crimes because RCW 9A.20.021 very closely mirrored RCW 9A.20.020 and disallowing the application would undermine the sole purpose of RCW 9A.20.030. In addition, though, not mentioned by the Court of Appeals, the intent section pertaining to RCW 9A.20.021 says that "[t]he legislature intends by this act to reorganize criminal provisions throughout the Revised Code of Washington to clarify and simplify the identification and referencing of crimes. It is not intended that this act effectuate any substantive change to any criminal provision in the Revised Code of Washington." LAWS OF 2003, ch. 53, § 1.

---

[6] RCW 9A.20.021 differs from RCW 9A.20.020 by using "confinement" instead of "imprisonment," and differs in some language relating to the amount of fines and confinement.

14

Next, Fuller suggests that even if RCW 9A.20.030 is applicable to post-1984 crimes it would prevent restitution in his case because he received a fine as well. He is incorrect. As the Court of Appeals in *State v. Barnett*, 36 Wn. App. 560, 562, 675 P.2d 626 (1984), held, RCW 9.92.060(2) is remedial whereas RCW 9A.20.030 is penal, and "[t]he two statutes serve different function and do not limit each other." *Id.* Additionally, because RCW 9A.20.030 applies to all courts, Fuller fails to recognize that his reading of RCW 9A.20.030 would create conflict with RCW 9.92.060(2) and RCW 9.95.210(2), which authorize restitution in addition to a fine.

The dissent contends that RCW 9A.20.030 is the only statute granting municipal courts authority to impose restitution. Dissent at 2. However, RCW 9A.20.030 must be read in conjunction with RCW 9A.20.020 to understand the import of restitution in lieu of a fine. Under RCW 9A.20.020, an individual convicted of a felony or misdemeanor "shall" be punished by imprisonment, a fine, or both. Enactment of RCW 9A.20.030 was necessary so that restitution could serve as an exception to the otherwise mandatory imprisonment and/or fine requirements of RCW 9A.20.020. Nothing suggests RCW 9A.20.030 was intended to limit an award of restitution to only cases where no fine was imposed, as discussed in *Barnett*, or that the purpose of RCW 9A.20.030 was to grant municipal courts restitution authority. *Barnett*, 36 Wn. App. at 562.

We are also mindful of public policy concerns. Restitution serves as an important rehabilitative tool and a method for compensating victims of crimes. *State v. Gray*, 174 Wn.2d 920, 929, 280 P.3d 1110 (2012). Fuller asserts that public policy alone cannot

confer restitution authority, relying on case law that agrees restitution must conform to statutory language despite a broad rehabilitative purpose. *State v. Mark*, 36 Wn. App. 428, 433, 675 P.2d 1250 (1984). However, the importance of restitution may be a consideration where there is no statutory limitation on its imposition. As an example, the Court of Appeals in *Shannahan*, 69 Wn. App. at 518, noted that "a strong public policy to provide restitution whenever possible," as evidenced by language within the SRA. While recognizing the SRA does not apply to misdemeanors, the court stated that "[i]n the absence of a clearly expressed legislative intent to prohibit restitution for negligent driving convictions, we decline to carve out an exception to the otherwise general application of restitution to criminal offenses." *Id.* Similarly, no statute prohibits courts of limited jurisdiction from imposing restitution, and we decline to read such a prohibition into the statutes.

Considering the language of RCW 9.92.060(2) and RCW 9.95.210(2), related statutes, and the history of suspended sentencing statutes, we hold the legislature did not intend to divest municipal courts of authority to order restitution when imposing suspended sentences.

## CONCLUSION

We hold that the 1996 amendments to RCW 9.92.060(2) and RCW 9.95.210(2) did not divest Seattle Municipal Court of its authority to impose restitution.

16

_Madsen, C.J._

WE CONCUR:

No. 86148-0

WIGGINS, J. (dissenting)—Washington courts have no inherent power to impose restitution obligations in criminal cases but may do so only when the legislature has specifically authorized restitution by statute. The legislature has created several types of restitution, each governed by its own statute. It necessarily follows that a court can only impose the specific type of restitution authorized by the applicable statute. The majority today ignores this inescapable conclusion and grants the Seattle Municipal Court (SMC) the power to impose restitution in addition to a fine, a power expressly reserved to the superior court. The majority grants the SMC this power despite the clear statutory language, substituting the majority's own hunch that the legislature did not mean what it said. Because this court has no power to rewrite statutes, I dissent.

ANALYSIS

Of the various species of restitution in Washington, two are at issue here. First, there is restitution under RCW 9A.20.030, which may amount to double the actual amount of enrichment, but may only be awarded "*in lieu*" of a fine:[1]

---

[1] The majority argues that RCW 9A.20.030 does not limit restitution to cases where no fine is imposed. Majority at 15. This is a puzzling reading of the statutory language "in lieu of." If a court imposes both restitution and a fine, the restitution is not awarded "in lieu of" the fine.

> If a person has gained money or property or caused a victim to lose money or property through the commission of a crime . . ., the court, in lieu of imposing the fine authorized for the offense under RCW 9A.20.020, may order the defendant to pay an amount, fixed by the court, not to exceed double the amount of the defendant's gain or victim's loss from the commission of a crime. Such amount may be used to provide restitution to the victim at the order of the court.

*Id.* at (1). Second, there is restitution under RCW 9.92.060 and 9.95.210, which has no such doubling provision but may be awarded *in addition to* a fine:

> As a condition to suspension of sentence, the superior court shall require the payment of the penalty assessment required by RCW 7.68.035. In addition, the superior court may require the convicted person to make such monetary payments, on such terms as the superior court deems appropriate under the circumstances, as are necessary . . . to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question . . . .

RCW 9.92.060(2); *see also* RCW 9.95.210(2). These forms of restitution operate differently, arise from different chapters of the RCW, and—by their own terms—apply to different courts. The majority fails to recognize these differences and holds that the legislature has authorized the municipal court to impose restitution under both statutory schemes. To the contrary, imposition of restitution under RCW 9.92.060 and 9.95.210 is reserved for the superior court, as I explain below. The municipal court has authority to impose restitution only under RCW 9A.20.030.

I.   RCW 9.92.060 and 9.95.210 authorize only the superior court, not courts of limited jurisdiction, to order restitution

When RCW 9.92.060 was first enacted, it applied to the "superior court." LAWS OF 1905, ch. 24, § 1. Four years later, the legislature deleted the word "superior"

---

A court that wishes to impose both restitution and a fine cannot rely on RCW 9A.20.030 for its authority to impose restitution. Rather, it must look to RCW 9.92.060(2) and 9.95.210(2).

before "court." LAWS OF 1909, ch. 249, § 28. This court recognized the new language to mean that the statute applied to all courts. *State v. Willey*, 168 Wash. 340, 343, 12 P.2d 393 (1932). Similarly, when it was first enacted, RCW 9.95.210 referred to simply "the court." REM. REV. STAT. § 10249-5b. In 1996, the legislature reinserted the word "superior" before "court" in RCW 9.92.060 and added the word "superior" before "court" in RCW 9.95.210.[2] LAWS OF 1996, ch. 298, §§ 3, 5.

---

[2] Presently, RCW 9.92.060 provides in part:

> (2) As a condition to suspension of sentence, the *superior* court shall require the payment of the penalty assessment required by RCW 7.68.035. In addition, the *superior* court may require the convicted person to make such monetary payments, on such terms as the *superior* court deems appropriate under the circumstances, as are necessary: (a) To comply with any order of the court for the payment of family support; (b) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question or when the offender pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement; (c) to pay any fine imposed and not suspended and the court or other costs incurred in the prosecution of the case, including reimbursement of the state for costs of extradition if return to this state by extradition was required; and (d) to contribute to a county or interlocal drug fund.

(Emphasis added.)

RCW 9.95.210 provides in part:

> (2) In the order granting probation and as a condition thereof, the *superior* court may in its discretion imprison the defendant in the county jail for a period not exceeding one year and may fine the defendant any sum not exceeding the statutory limit for the offense committed, and court costs. As a condition of probation, the *superior* court shall require the payment of the penalty assessment required by RCW 7.68.035. The *superior* court may also require the defendant to make such monetary payments, on such terms as it deems appropriate under the circumstances, as are necessary: (a) To comply with any order of the court for the payment of family support; (b) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question or when the offender pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay

3

This court has held that "'where a law is amended and a material change is made in the wording, it is presumed that the legislature intended a change in the law.'" *Guillen v. Pierce County*, 144 Wn.2d 696, 723, 31 P.3d 628 (2001) (quoting *Home Indem. Co. v. McClellan Motors, Inc.*, 77 Wn.2d 1, 3, 459 P.2d 389 (1969), *reversed in part on other grounds*, 537 U.S. 129, 123 S. Ct. 720, 154 L. Ed. 2d 610 (2003)). Similarly, when we interpret a statute, we must give meaning to all the language used, "'with no portion rendered meaningless or superfluous.'" *G-P Gypsum Corp. v. Dep't of Revenue*, 169 Wn.2d 304, 309, 237 P.3d 256 (2010) (internal quotation marks omitted) (quoting *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003)). Taken together, these well-established maxims mean that we must

---

restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement; (c) to pay such fine as may be imposed and court costs, including reimbursement of the state for costs of extradition if return to this state by extradition was required; (d) following consideration of the financial condition of the person subject to possible electronic monitoring, to pay for the costs of electronic monitoring if that monitoring was required by the court as a condition of release from custody or as a condition of probation; (e) to contribute to a county or interlocal drug fund; and (f) to make restitution to a public agency for the costs of an emergency response under RCW 38.52.430, and may require bonds for the faithful observance of any and all conditions imposed in the probation.

(3) The *superior* court shall order restitution in all cases where the victim is entitled to benefits under the crime victims' compensation act, chapter 7.68 RCW. If the *superior* court does not order restitution and the victim of the crime has been determined to be entitled to benefits under the crime victims' compensation act, the department of labor and industries, as administrator of the crime victims' compensation program, may petition the *superior* court within one year of imposition of the sentence for entry of a restitution order. Upon receipt of a petition from the department of labor and industries, the *superior* court shall hold a restitution hearing and shall enter a restitution order.

(Emphasis added.)

4

give effect to the legislature's insertion of the word "superior" before "court" in RCW 9.92.060 and 9.95.210.

The majority does not contest the clear meaning of the language of RCW 9.92.060 and 9.95.210, In fact, the majority admits that "[a] plain reading of RCW 9.92.060(2) and RCW 9.95.210(2) demonstrates that these statutes only address the authority of superior courts to impose restitution and thus do not themselves provide such authority to limited jurisdiction courts." Majority at 5-6. I agree, and I believe the majority's analysis should end there. Instead, the majority goes on to speculate about the legislature's intent to reach a result that is plainly inconsistent with the language of the statute. As I discuss below, the majority's theories are unavailing.

II. RCW 9.92.060 and 9.95.210 do not "generally confer[]" the power to impose restitution.

RCW 35.20.010(1) provides that the municipal court shall exercise those powers granted to it under chapter 35.20 RCW, "together with such powers and jurisdiction as is generally conferred in this state either by common law or statute." Similarly, RCW 35.20.250 establishes "concurrent jurisdiction with the superior court and district court . . ." on the part of the municipal court. The majority does not assert that the power of restitution exists at common law, and such a position is untenable. As this court has consistently recognized, "[t]he authority to impose restitution is not an inherent power of the court, but is derived from statutes." *State v. Davison,* 116 Wn.2d 917, 919, 809 P.2d 1374 (1991).

5

The issue then becomes whether there is any statute under which restitution is "generally conferred in this state" within the meaning of the concurrency statutes for the SMC, RCW 35.20.010, or RCW 35.20.250. The majority concludes that restitution is "'generally conferred in this state'" (quoting RCW 35.20.010(1)) by RCW 9.92.060 and 9.95.210. Majority at 7. This conclusion was probably correct before 1996, when the legislature amended the statute by changing the authority to grant restitution from "the court" to "the superior court"; a generic reference to "the court" does seem to be a power "generally conferred in this state." But after 1996, the authority to grant restitution under these two statutes is limited to "the superior court," which is not an authority "generally conferred"; it is an authority specifically conferred upon one level of court, not on other levels of court. Indeed, these two statutes repeatedly grant powers to "the superior court," not to any other court. RCW 9.92.060(2) (referring to "the superior court" in each of the three sentences of the section); RCW 9.95.210(2) (same). Nothing in the concurrency statutes suggests that these sections are meant to vest the municipal court with any special substantive power, but only those powers that the legislature generally granted to the courts.

If the "generally conferred" language of RCW 35.20.010 could sweep in the superior court's power to impose restitution plus a fine, then why could it not sweep in the felony restitution power of the Sentencing Reform Act of 1981, RCW 9.94A.505, or the mandatory restitution provision of the Juvenile Justice Act of 1977,

RCW 13.40.190?[3] A "generally conferred" power, by definition, cannot refer to any power wielded by *any* court. It can only mean a power wielded by most or all other courts. This means that the municipal court inherits only those powers granted to "the court" without a qualifier (such as RCW 9A.20.030 restitution, as I explain below).

The majority argues that the restitution power of RCW 9.92.060 and 9.95.210 is "generally conferred" because "there is no language in RCW 9.92.060 and RCW 9.95.210 suggesting the legislature intended to discriminate between defendants convicted of the same crimes in superior courts and municipal courts." Majority at 7. Similarly, the majority argues that "[n]othing suggests that the addition of 'superior' was intended to alter the restitution scheme that had been in place for 75 years." *Id.* at 9-10. With respect, the majority asks the wrong question when it looks for language stating that the municipal court *cannot* impose restitution in addition to a fine. Because restitution is available only through statute, the only relevant question is whether the statute states that the municipal court *can* impose restitution in addition to a fine. It does not, as the majority admits. *Id.* at 5-6.

Of course there is such language—when the legislature amended these two statutes by changing "the court" to "the superior court," the legislature clearly inserted language discriminating between defendants convicted in superior court and those convicted in municipal court.

---

[3] In response, the majority argues that the present case is different because municipal courts have concurrent jurisdiction with superior courts; that is, they hear the same cases and thus they should have the same power to award restitution. But the majority still cannot produce a specific statute that provides for its desired result. The majority explains why its result might make sense, but not why its result is permitted by statute.

7

In support of its theory that the superior court's restitution power can be inferred into the purview of the municipal court, the majority points to *State v. Wicklund,* 96 Wn.2d 798, 638 P.2d 1241 (1982). In that case, we held that district courts had the power to determine competency, despite the absence of an explicit statutory grant of that authority. RCW 3.66.010(1) provides that "where no special provision is otherwise made by law, [the district court] shall be vested with all the necessary powers which are possessed by courts of record in this state . . . ." We held that determining competency was just such a necessary power, noting that before the legislature ever involved itself with competency determinations, the courts had been relying on inherent judicial powers to determine competency. *Wicklund,* 96 Wn.2d at 801. Because determining competency is a necessary power of the courts, we held, a court of limited jurisdiction should be able to determine competency just as a court of general jurisdiction can. *Id.* at 804.

Unlike determining competency, imposing restitution is not a necessary power of criminal courts. Rather, it derives entirely from legislative enactment. *Davison,* 116 Wn.2d at 920. And even if imposing restitution in criminal cases were an inherent power of all courts, the specific brand of restitution described by RCW 9.92.060 and 9.95.210—that is, imposing restitution *in addition to a fine*—is not.

III. RCW 9A.20.030 "generally confer[s]" the power to impose restitution upon courts, but not the type of restitution awarded here

Many of the majority's arguments concern the ability of courts to grant restitution in general. These arguments miss the mark because I do not argue that municipal courts cannot grant *any* sort of restitution—only that restitution in addition

8

to a fine is a power specifically reserved to the superior court. I agree with the majority that restitution *in lieu of* a fine is permitted by statute.

RCW 9A.20.030 allows "the court" to order restitution "in lieu of" a fine. The majority decides without analysis that this language means the scope of RCW 9A.20.030 covers courts of limited jurisdiction, and I agree. In *Willey*, we read the absence of limiting qualifiers on the term "court," or of any terms that purport to discriminate between different court systems, to mean that "the court" means *any* court. 168 Wash. at 343. Similarly, the unqualified language "the court" in RCW 9A.20.030 is properly read to mean that the statute creates a general power of courts to impose restitution in lieu of a fine. I would also adopt the majority's reading of *State v. Shannahan,* 69 Wn. App. 512, 514 n.1, 849 P.2d 1239 (1993), which makes RCW 9A.20.030 applicable to crimes committed at any time.

This reading of RCW 9A.20.030 defeats the majority's artificial dilemma concerning the collections statutes, RCW 3.66.120 and .130. These statutes provide for court-enforced collection and a judgment lien on restitution ordered by a court of limited jurisdiction. The majority reasons that "[i]f courts of limited jurisdiction, including the municipal court, lack authority to impose restitution then these statutes have no purpose." Majority at 10-11. But courts of limited jurisdiction do not lack authority to impose restitution—they lack the authority to impose restitution *in addition to a fine.* RCW 3.66.120 and .130 are not probative as to the applicability of RCW 9.92.060 and 9.95.210 to municipal courts, because the collections statutes do not specifically cross-reference any particular type of restitution. The majority indicates no reason that the collections statutes—or the "generally conferred"

language of RCW 35.20.010, for that matter—apply to anything more than the general restitution power enjoyed by *all* courts under RCW 9A.20.030.

IV.   The majority's policy arguments cannot override the plain language of the statute

The majority points to various policy justifications in favor of court-ordered restitution. Whatever the force of these policy considerations, they cannot stand in the face of the statute's plain language limiting restitution in addition to a fine to the purview of the superior court. This court does not stand in the position of the legislature and must apply the plain language of the statute instead of rewriting it as the majority believes it should have been. We have consistently held that this court "may not add language to a clear statute, even if it believes the Legislature intended something else but failed to express it adequately." *State v. Chester*, 133 Wn.2d 15, 21, 940 P.2d 1374 (1997); *see also State v. Cooper*, 156 Wn.2d 475, 480, 128 P.2d 1234 (2006); *Kilian v. Atkinson*, 147 Wn.2d 16, 21, 50 P.3d 638 (2002).

In any event, the policy concerns raised by respondent and by amicus Washington Association of Prosecuting Attorneys are unfounded. RCW 9A.20.030 permits the municipal courts—like all courts—to impose restitution, or even double the amount. To hold that RCW 9.92.060 and 9.95.210 do not reach the municipal court, as I would do today, would not invalidate the many restitution orders that already exist, nor jeopardize the SMC's customary practice of imposing restitution. All it would do is compel courts of limited jurisdiction to choose one or the other—a fine or restitution. That is the scheme that the legislature plainly set out, and we are not at liberty to rewrite the statutes even if we think it would be wise to do so.

For these reasons, I respectfully dissent.

_____