# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

STATE OF WASHINGTON, )
)
Respondent, ) No. 68466-3-I
)
v. ) UNPUBLISHED OPINION
)
LISA M. O'NEILL, )
)
Appellant. ) FILED: July 8, 2013
_____ )

PER CURIAM—At sentencing on 13 counts of first degree theft, the court ordered Lisa O'Neill to pay $55,427.10 in restitution to her victim, Leonard Swenson. O'Neill appeals that order, claiming that the court erred in considering evidence of additional losses and in refusing to offset the restitution amount by the rent and living expenses Swenson allegedly owed O'Neill. We affirm.

Swenson, a widower in his 60's with mild cognitive impairment, became friends with O'Neill and moved into her house. Except for a brief period after he suffered a stroke, Swenson lived with O'Neill from October 2006 until July 2008. During that time, he opened a joint bank account with O'Neill so she could help him with his finances. O'Neill took a significant amount of Swenson's money by transferring funds from the joint account into her personal bank account.

The State charged O'Neill with 14 counts of first degree theft. The jury convicted O'Neill on all 14 theft charges, but the State agreed to dismiss Count XIV to cure double jeopardy concerns.

At sentencing, the State requested restitution for the money taken during the transactions charged in Counts I-XIII. This amounted to $55,427.10. O'Neill argued that restitution should be offset by the $500 per month rent that Swenson had agreed to pay and by living expenses she incurred during his residency in her home. In total, O'Neill proposed a $21,995.66 offset against the State's requested restitution.[1] The court denied O'Neill's request and ordered the full $55,427.10 in restitution. In its oral ruling, the court made the following observation:

> [I]t would appear that there is some restraint by the State here because—and of course, we know one count has been vacated. That would not—arguably would not support restitution, but there certainly was evidence at trial that there was another $34,000 or so taken, and there may have been other amounts. So it appears to be a conservative amount, so the court will order it.

O'Neill contends the trial court abused its discretion by considering losses unrelated to the crimes of conviction "in rejecting [her] proposed offsetting amounts."[2] But the court did not identify those losses as a basis for rejecting O'Neill's offset request.

Nothing in the record or the law supports O'Neill's claim that the court abused its discretion in declining an offset. Whether to offset a restitution award is a matter within the trial court's discretion. See State v. Shannahan, 69 Wn. App. 512, 519-20, 849 P.2d 1239 (1993). The restitution statutes are "intended to ensure that defendants fulfill their responsibility to compensate victims for losses resulting from their crimes." State v. Gonzalez, 168 Wn.2d 256, 265, 226

---

[1] O'Neill's trial court brief requests a $21,995.66 offset which appears to be a mathematical error. The correct amount should be $11,995.66.

[2] A trial court's order of restitution will not be disturbed on appeal absent an abuse of discretion. State v. Tobin, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007).

P.3d 131 (2010). They expressly do not "limit civil remedies . . . available to the victim, survivors of the victim, *or offender.*" RCW 9.94A.753(9) (emphasis added). And they allow judges "considerable discretion" to impose restitution "up to double the offender's gain or the victim's loss." State v. Kinneman, 155 Wn.2d 272, 282, 119 P.3d 350 (2005) (restitution statute "does not say that the restitution ordered must be equivalent to the injury, damage or loss, either as a minimum or a maximum, nor does it contain a set maximum that applies to restitution"). Given the court's broad discretion and the civil remedies available to O'Neill for her alleged losses, the court did not abuse its discretion in ordering restitution without an offset.

Affirmed.

For the court:

Leach, C.J.