FILED
COURT OF APPEALS
DIVISION II

2013 DEC 17 AM 8: 50

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43771-6-II |
| Respondent, | |
| v. | |
| L.L.L., | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, C.J. — After the juvenile court accepted LLL's[1] guilty plea to second degree manslaughter, it entered a disposition order imposing $5,750 in restitution to be paid to the Washington State Crime Victim's Compensation program to cover funeral expenses for the victim, LLL's deceased newborn child. LLL appeals the restitution order, asserting that (1) the trial court erred by concluding that it lacked discretion to not impose restitution, and (2) the trial court abused its discretion by imposing restitution to cover funeral expenses for her deceased child. Because RCW 13.40.190(2) requires a juvenile court to impose restitution for a victim's funeral expenses that have been paid by the Crime Victim's Compensation program, we affirm.

## FACTS

On January 25, 2012, LLL pleaded guilty to second degree manslaughter for the death of a newborn infant born to her when she was 16 years old. The infant's father had been convicted of rape after impregnating LLL. After accepting LLL's guilty plea, the juvenile court conducted

---

[1] This opinion refers to the juvenile offender by her initials to protect her privacy interests. RAP 3.4.

a disposition hearing. At the hearing, the State told the juvenile court that it had originally charged LLL as an adult with first degree murder, but that it amended the charge to second degree manslaughter in exchange for LLL's guilty plea because of evidentiary issues and other circumstances, including LLL's age and lack of parental support. The State recommended that the juvenile court impose 12 months of probation and $7,414.93 in restitution to reimburse the Crime Victim's Compensation program for funds spent on the victim's funeral expenses. The juvenile court's disposition order imposed 30 days detention with 30 days credit for time served, imposed 12 months of probation, and required LLL to continue with mental health counseling.

The juvenile court held a restitution hearing on April 20. At the restitution hearing, the State asserted that the juvenile court was required to impose restitution under RCW 13.40.190. LLL responded that imposing restitution would be inequitable because neither she nor any member of her family had been consulted about the funeral home's "outlandish" expenses, which she could not afford. Report of Proceedings (Apr. 20, 2012) at 5. She asserted that $500 for cremation services would have been an appropriate amount of restitution. After the State pointed out that LLL's mother had made the funeral arrangements, LLL argued that she should not be bound to her mother's agreement because her mother was estranged from her and had contributed to her abuse.

On April 25, the juvenile court issued a memorandum opinion that concluded:

> The State of Washington, through the Crime Victim's Compensation Act, determined that burial and funeral expenses for [the victim] were compensable under the crime victim's act in the amount of $7,414.43 and paid that money on behalf of the crime victim's program.
> There well may be legitimate philosophical differences in whether or not those funds were wisely spent. However, under the statutes and case law the question is whether or not the expenses would have been incurred "but for" the acts of the defendant and whether the expenses were reasonably foreseeable. The

> Court has no information to indicate that the particular expenses incurred were not reasonably foreseeable nor that they would have been incurred but for the act of the respondent. The Court is also aware that the respondent is a juvenile, a full[-]time student, and one likely seeking higher education in the near future, all commendable goals. Nevertheless, students are able to earn some income while going to school. The Court is going to impose the restitution requested. However, over the period of the next 18 months [LLL] may make minimum payments of $25 per month towards such restitution. Thereafter, the restitution amount owed will increase to $50 per month at a minimum until such time as the restitution is paid in full.

Clerk's Papers (CP) at 50-51. On April 27, LLL filed a motion requesting the juvenile court to reconsider its restitution ruling. In the reconsideration motion LLL argued that, despite RCW 13.40.190(2)'s mandatory language, the juvenile court had discretion to not impose restitution. LLL also argued that she had a statutory right to decide her child's funeral arrangements under RCW 68.50.160. Finally, LLL argued that the amount of restitution ordered exceeded the maximum award allowed under RCW 7.68.070. On June 23, the juvenile court issued an opinion and order in response to LLL's reconsideration motion that reduced her restitution obligation to $5,750, the statutory limit for reimbursing the Crime Victim's Compensation for payment of funeral expenses. LLL timely appeals the trial court's restitution order.

## ANALYSIS

LLL first contends that the juvenile court erred by failing to recognize that it had discretion to not impose restitution. Because RCW 13.40.190 provides that restitution is mandatory for juvenile offenders, we disagree.

We review restitution orders under the Juvenile Justice Act of 1977, chapter 13.40 RCW, for an abuse of discretion. *State v. S.T.*, 139 Wn. App. 915, 918, 163 P.3d 796 (2007); *State v. Horner*, 53 Wn. App. 806, 807, 770 P.2d 1056 (1989). A trial court abuses its discretion if its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons.

No. 43771-6-II

*State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003). The juvenile court's authority to impose restitution is purely statutory. *State v. Hiett*, 154 Wn.2d 560, 563, 115 P.3d 274 (2005). The juvenile restitution statute, RCW 13.40.190, provides in relevant part:

> (1)(a) In its dispositional order, the court *shall* require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent.
>
> . . . .
>
> (2) Regardless of the provisions of subsection (1) of this section, the court *shall* order restitution in all cases where the victim is entitled to benefits under the crime victims' compensation act, chapter 7.68 RCW.

(Emphasis added.) In *State v. A.M.R.*, 147 Wn.2d 91, 96, 51 P.3d 790 (2002), our Supreme Court held that RCW 13.40.190's use of the mandatory term "shall" requires juvenile courts to impose restitution. In so holding, our Supreme Court reasoned that a 1997 legislative amendment to the juvenile restitution statute divested the juvenile court of the discretion it once had when deciding whether to impose restitution and in setting the amount of restitution imposed. *A.M.R.*, 147 Wn.2d at 96.

Despite the clear mandatory language of RCW 13.40.190, LLL argues that the juvenile court had discretion to impose or not to impose restitution and to set the amount of restitution, citing *State v. Gray*, 174 Wn.2d 920, 924, 280 P.3d 1110 (2012), and *State v. Hunotte*, 69 Wn. App. 670, 674, 851 P.2d 694 (1993). But *Gray* does not assist LLL's argument because that opinion addressed RCW 9.94A.753, the restitution statute applicable to sentencing in adult criminal offenses, and not RCW 13.40.190, the juvenile restitution statute at issue here. 174 Wn.2d at 924. And unlike the juvenile restitution statute, RCW 9.94A.753 contains permissive language that "grants trial courts 'broad power' to order and modify restitution." *Gray*, 174 Wn.2d at 925 (quoting *State v. Enstone*, 137 Wn.2d 675, 679, 974 P.2d 828 (1999)).

4

No. 43771-6-II

Hunotte also does not assist LLL's argument because that case was decided before the 1997 legislative amendments to RCW 13.40.190, and before our Supreme Court's decision in A.M.R.[2] As we recently noted in State v. R.G.P., 175 Wn. App. 131, 137 n. 6, 302 P.3d 885, review denied, 178 Wn.2d 1020 (2013):

> RGP cites State v. Hunotte, . . . for the proposition that in juvenile cases, "[t]he decision to impose restitution and the amount thereof are within the trial court's discretion." This proposition—also found in other cases prior to the A.M.R. decision, such as State v. Landrum, 66 Wn. App. 791, 795 n. 4, 832 P.2d 1359 (1992)—is no longer tenable in light of the clear mandate supplied by the A.M.R. court.

(Alteration in original.)

Following A.M.R., we hold that the juvenile court did not err when it concluded that it was required to impose restitution under RCW 13.40.190.

LLL also appears to contend that the juvenile court abused its discretion by imposing restitution for her deceased infant's funeral expenses because LLL's mother made the funeral arrangements and agreed to pay those expenses. Again, we disagree.

RCW 13.40.190(2) requires the juvenile court to impose restitution "in all cases where the victim is entitled to benefits under the crime victims' compensation act, chapter 7.68 RCW." Here, as the victim of LLL's crime of second degree manslaughter, her deceased child was entitled to up to $5,750 in burial expenses under RCW 7.68.070(1)(c). The fact that LLL's mother made the funeral arrangements for the victim had no bearing on the juvenile court's decision to impose restitution; once the Crime Victim's Compensation program agreed to pay

---

[2] LLL's reliance on State v. Young, 63 Wn. App. 324, 333-34, 818 P.2d 1375 (1991), and State v. Shannahan, 69 Wn. App. 512, 849 P.2d 1239 (1993), is similarly misplaced as those cases do not address RCW 13.40.190 and A.M.R.'s holding that the juvenile restitution provisions of RCW 13.40.190 are mandatory upon the juvenile court.

No. 43771-6-II

those expenses, restitution was mandatory under RCW 13.40.190(2). Because the juvenile court did not abuse its discretion in concluding that it was required to impose restitution under RCW 13.40.190, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, C.J.

We concur:

_____
Hunt, J.

_____
Penoyar, J.

6