IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33270-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ESTEBAN JOEL FLORES, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — RCW 28A.635.030 provides: "Any person who shall willfully create a disturbance on school premises during school hours . . . shall be guilty of a misdemeanor, the penalty for which shall be a fine in any sum not more than fifty dollars." This appeal asks whether the trial court may impose punishment, other than a fine not more than fifty dollars, such as detention or community supervision under the statute. After employing principles of statutory construction, we hold that the trial court may only impose the limited fine.

FACTS

Appellant Esteban Flores, a seventeen-year-old student at Walla Walla High School, punched another student while on the high school campus with school in session.

PROCEDURE

The State of Washington charged Esteban Flores with disturbing school activities when punching a fellow student. The trial court found Flores guilty of the crime.

The Walla Walla County Department of Court Services (Court Services) prepared a predisposition report recommending that the trial court sentence Esteban Flores to three days of confinement in juvenile detention, four months of community supervision, and ten hours of community service. Court Services also recommended that the court impose a curfew on Flores from 8:00 p.m. to 7:00 a.m., $75 as a crime victim's compensation assessment, restitution as ordered by the court, and $110 in court costs.

Esteban Flores contested the validity of Court Services' recommendation. He argued that RCW 28A.635.030, by its plain language, only authorized the trial court to impose a monetary fine of not more than fifty dollars. Flores maintained that the court lacked authority to impose confinement and, by extension, community supervision, because doing so would result in a sentence greater than that which an adult could face for the same offense. He asked the court to impose a fine of no more than $50, plus any crime victim's compensation assessments permitted by law. The State argued that the court could impose the sanctions recommended by Court Services because RCW 28A.635.030 does not specifically exclude imprisonment as a penalty, and therefore imprisonment is also available to a court sentencing an adult for the same crime.

2

The juvenile court sentenced Esteban Flores as recommended by Court Services. The court entered the following conclusions of law:

> 2. The standard range disposition for misdemeanors is local sanctions. RCW 13.40.0357; 13.40.020(18).
> 3. The fine for Disturbing School Activities is capped at fifty dollars ($50). RCW 28A.635.030.
> 4. Any standard condition of disposition not specifically modified by statute remains unaltered and may be imposed. *State v. Shannahan*, 69 Wn. App. 512, 516, 849 P.2d 1239 (1993).
> 5. Based on the foregoing, the Court may impose standard range, with the exception of a cap on any fine.

Clerk's Papers (CP) at 56.

## LAW AND ANALYSIS

### Incarceration, Supervision, and Service

Esteban Flores argues that RCW 28A.635.030 only authorizes a trial court to sentence him to a maximum fine of $50, and, therefore, he cannot be sentenced to incarceration, community supervision, or community service. In support of this argument, Flores relies on canons of statutory interpretation and other provisions within chapter 28A.635 RCW that establish specific punishments for other offenses committed on public school campuses. The State contends that, because RCW 28A.635.030 does not specifically exclude standard misdemeanor criminal penalties authorized by RCW 9A.20.021, imprisonment is a permissible additional penalty. Each side forwards a reasonable interpretation of RCW 28A.635.030. We accept Flores' argument.

We must construe RCW 28A.635.030. As noted above, RCW 28A.635.030

3

provides:

> Any person who shall willfully create a disturbance on school premises during school hours or at school activities or school meetings shall be *guilty of a misdemeanor, the penalty for which shall be a fine* in any sum not more than fifty dollars.

(Emphasis added.) On the one hand, the statute does not expressly authorize the court to impose penalties other than a fine. On the other hand, the statute does not specifically exclude the trial court from imposing detention or other sanctions in addition to a fine.

RCW 28A.635.030 classifies a school disturbance as a "misdemeanor," and this categorization may suggest the court may impose the standard sentence for a misdemeanor. Title 9A RCW defines "misdemeanor" as:

> Any crime punishable by a fine of not more than one thousand dollars, *or* by imprisonment in a county jail for not more than ninety days, *or* by both such fine and imprisonment is a misdemeanor. Whenever the performance of any act is prohibited by any statute, and no penalty for the violation of such statute is imposed, the committing of such act shall be a misdemeanor.

RCW 9A.20.010(2)(a) (emphasis added). In turn, RCW 9A.20.021(3) declares:

> Misdemeanor. Every person convicted of *a misdemeanor defined in Title 9A RCW* shall be punished by imprisonment in the county jail for a maximum term fixed by the court of not more than ninety days, *or* by a fine in an amount fixed by the court of not more than one thousand dollars, *or by both* such imprisonment and fine.

(Emphasis added.)

Under the juvenile justice grid, a misdemeanor sentence for a juvenile offender is pursuant to "local sanctions." RCW 13.40.0357. "Local sanctions" does not refer to

4

sanctions unique to the offender's local community, but are:

> "Local sanctions" means one or more of the following: (a) 0-30 days of confinement; (b) 0-12 months of community supervision; (c) 0-150 hours of community restitution; (d) or $0-$500 fine.

RCW 13.40.020(18).

No earlier decisions discuss punishment for a violation of RCW 28A.635.030. So we look to statutory rules of construction.

The State argues that use of the word "misdemeanor" in RCW 28A.635.030, the school disturbance statute, denotes legislative intent to include detention time and other punishment for the offender, since a misdemeanor includes jail time. We disagree. All of the statutory definitions of "misdemeanor" allow jail time, but the definitions do not dictate jail time. Instead, the definitions assume some sentences will not include detention.

As already stated, RCW 9A.20.010(2)(a) defines "misdemeanor" as any "crime punishable by a fine of not more than one thousand dollars, *or* by imprisonment in a county jail for not more than ninety days, *or* by both such fine and imprisonment is a misdemeanor." RCW 9A.20.021(3) declares that a misdemeanor shall be "punished by imprisonment in the county jail for a maximum term fixed by the court of not more than ninety days, *or* by a fine in an amount fixed by the court of not more than one thousand dollars, *or by both* such imprisonment and fine." In both statutes, jail time is in the disjunctive from the option of a fine only. In analyzing the plain language of a statute,

5

we presume that the word "or" does not mean "and" and that a statute's use of the word "or" is disjunctive to separate phrases unless there is a clear legislative intent to the contrary. *State v. Riofta*, 134 Wn. App. 669, 682, 142 P.3d 193 (2006), *aff'd*, 166 Wn.2d 358, 209 P.3d 467 (2009). "Local sanctions" are one or more of the following: (a) 0-30 days of confinement, (b) 0-12 months of community supervision, (c) 0-150 hours of community restitution, (d) or $0-$500 fine. RCW 13.40.020(18). Again, confinement is optional to a fine only, and detention is not necessarily the typical penalty.

The State contends that, even when a statute establishes a specific monetary penalty as RCW 28A.635.030 does, imprisonment is still an available punishment unless the legislature affirmatively excludes it. According to the State, since RCW 28A.635.030 does not address imprisonment, the statute does not exclude imprisonment. Similarly, silence as to imprisonment means the status quo controls and detention is an available remedy. We find no principle of statutory construction or any decision that supports these arguments.

This court's duty includes construing statutes so as to avoid rendering meaningless any word or provision. *State v. Contreras*, 124 Wn.2d 741, 747, 880 P.2d 1000 (1994). If imprisonment is always an available punishment for all misdemeanors, then the definition of misdemeanor in RCW 9A.20.010(2)(a) as "[a]ny crime punishable by a fine of not more than one thousand dollars, *or* by imprisonment in a county jail for not more than ninety days," means nothing. (Emphasis added.) A more inclusive and logical

6

interpretation of RCW 9A.20.010(2)(a) is that offenses that only carry fines as penalties are still considered misdemeanors by our legislature.

In moving beyond the plain language of RCW 28A.635.030, Esteban Flores invokes two maxims of statutory construction, *expressio unius est exclusio alterius* and the general-specific rule. Both maxims bolster his position.

*Expressio unius est exclusio alterius* declares that, when a statute specifically designates the things or classes of things on which it operates, an inference arises in law that all things or classes of things omitted from it were intentionally omitted by the legislature. *State v. Swanson*, 116 Wn. App. 67, 75, 65 P.3d 343 (2003). RCW 28A.635.030 imposes a penalty of "a fine in any sum not more than fifty dollars." The statute admits no other penalty. Under *expressio unius est exclusio alterius*, the courts should add no additional penalty.

The State argues that, if the legislature intended no punishment beyond the fifty dollar fine, the legislature would have drafted RCW 28A.635.030 to read: "the penalty for which shall be *only* a fine in any sum not more than fifty dollars." Br. of Resp't at 5-6. In the alternative, the State contends the legislature would have included language stating that the crime is "not punishable by imprisonment." Br. of Resp't at 6. The maxim *expressio unius est exclusio alterius* harms, if not defeats, these contentions.

A review of other statutory crimes catalogued in chapter 28A.635 RCW signals that the Washington Legislature, when it wanted jail time for a school crime, designated a

7

jail sentence. For example, under one statute, anyone who interferes by force or violence with a school administrator, teacher, or student in the conduct of his or her duties "is guilty of a gross misdemeanor and shall be fined not more than five hundred dollars, or imprisoned in jail not more than six months, or both such fine and imprisonment." RCW 28A.635.090(2). Under another statute, anyone who intimidates by threat of force or violence any administrator, teacher, or student during the conduct of his or her duties or studies "is guilty of a gross misdemeanor and shall be fined not more than five hundred dollars, or imprisoned in jail not more than six months, or both such fine and imprisonment." RCW 28A.635.100(2). These two other statutes demonstrate that the legislature knew the appropriate language to employ when imposing imprisonment for crimes on school property.

The "general-specific" rule of statutory interpretation also favors Esteban Flores' position. This maxim stands for the proposition that a specific statute prevails over a general statute. *Residents Opposed to Kittitas Turbines v. State Energy Facility Site Evaluation Council*, 165 Wn.2d 275, 309, 197 P.3d 1153 (2008). Stated another way, when a general statute, standing alone, includes the same subject as the special statute and then conflicts with it, the court deems the special statute to be an exception to, or qualification of, the general statute. *State v. Reeder*, 181 Wn. App. 897, 922-23, 330 P.3d 786 (2014), *aff'd*, 184 Wn.2d 805, 365 P.3d 1243 (2015). In this appeal, the general misdemeanor sentencing statute, RCW 9A.20.021(3), includes the same subject matter as

8

RCW 28A.635.030. Both statutes address criminal penalties for misdemeanors. The former addresses general misdemeanor penalties, while the latter addresses the penalty applicable to a specific offense occurring on school property. Therefore, RCW 28A.635.030's silence with regard to a prison sentence prevails over RCW 9A.20.021(3).

Finally, the rule of lenity requires us to construe ambiguous criminal statutes in favor of Esteban Flores, absent a legislative intent to the contrary. *City of Seattle v. Winebrenner*, 167 Wn.2d 451, 462, 219 P.3d 686 (2009); *State v. Jacobs*, 154 Wn.2d 596, 601, 115 P.3d 281 (2005). The rule of lenity applies to sentencing statutes. *In re Pers. Restraint of Sietz*, 124 Wn.2d 645, 652, 880 P.2d 34 (1994); *State v. Breaux*, 167 Wn. App. 166, 176, 273 P.3d 447 (2012). Under the rule of lenity, an ambiguous criminal statute cannot be interpreted to increase a penalty. *Winebrenner*, 167 Wn.2d at 462; *State v. Workman*, 90 Wn.2d 443, 454, 584 P.2d 382 (1978).

The State of Washington relies on this court's holding in *State v. Shannahan*, 69 Wn. App. 512, 849 P.2d 1239 (1993) to support the sentence of Esteban Flores to community supervision and imprisonment for violating RCW 28A.635.030. In *Shannahan*, a court convicted Terry Shannahan of negligent driving and ordered him to pay restitution to the person injured by his driving. On appeal, Shannahan argued that the trial court could not order him to pay restitution because the statute under which he was convicted did not explicitly authorize restitution in lieu of a fine. That statute provided:

9

> It shall be unlawful for any person to operate a motor vehicle in a negligent manner. . . . Any person violating the provisions of this section will be guilty of a misdemeanor: PROVIDED, That the director [of licensing] may not revoke any license under this section, and such offense is not punishable by imprisonment or by a fine exceeding two hundred fifty dollars.

Former RCW 46.61.525 (1990). The restitution statute provides, in relevant part:

> If a person has gained money or property or caused a victim to lose money or property through the commission of a crime, upon conviction thereof . . . the court, *in lieu of* imposing the fine authorized for the offense under RCW 9A.20.020, may order the defendant to pay an amount, fixed by the court, not to exceed double the amount of the defendant's gain or victim's loss from the commission of a crime.

RCW 9A.20.030(1) (emphasis added).

In light of the restitution statute's language and the legislature's demonstrated policy preference of ordering restitution whenever possible, the *Shannahan* court held that a statute need not expressly authorize restitution for a court to order it instead of the applicable fine. In so holding, this court relied on RCW 9A.04.090's command that "the provisions of chapters 9A.04 through 9A.28 RCW of this title are applicable to offenses defined by this title or another statute, unless this title or such other statute specifically provides otherwise." *State v. Shannahan*, 69 Wn. App. at 515 (quoting RCW 9A.04.090).

The State argues that Esteban Flores raises an almost identical issue as that raised by Terry Shannahan insofar as Flores argues that the language limiting part of the standard penalty for misdemeanors excludes all other potential penalties not addressed by

10

the statute. The State misapprehends the holding in *Shannahan*. We distinguish *Shannahan* because the *Shannahan* court did not impose an additional punishment on Shannahan. Rather, the court chose to order restitution in lieu of the maximum $250 fine authorized by the negligent driving statute. We view this distinction as important because the rule of lenity requires this court to construe ambiguous statutes in favor of a criminal defendant and against increasing a criminal penalty. The trial court in *Shannahan* did not increase Shannahan's penalty. The court ordered a different penalty in lieu of the penalty present in the negligent driving statute.

The State also argues that the legislative history behind RCW 28A.635.030 supports only a desire of simplifying collection of fines. In support of this argument, the State cites LAWS OF 1984, ch. 258, § 301, the lengthy Court Improvement Act of 1984. Section 301 of the 1984 enactment mentions the need to assure accountability, uniformity, economy, and efficiency in the collection and distribution by superior, district, and municipal courts of fees, fines, forfeitures, and penalties assessed and collected for violations of state statutes and county, city, and town ordinances. This legislative intent does nothing to promote incarceration of offenders. Section 315 of the Court Improvement Act of 1984 removed language from former RCW 28A.87.060, *recodified as* RCW 28A.635.030, directing the county treasurer to collect fines and transmit the fines to the state treasurer. The omitted language does not suggest a violation of RCW 28A.635.030, either before or after the 1984 amendment, merits

11

incarceration.

The State suggests that a ruling in favor of Esteban Flores will harm defendants in general. The State notes that, under CrR 3.1, the right to counsel only attaches to crimes that include jail time, so an indigent defendant charged with a violation of RCW 28A.635.030 may no longer be entitled to counsel. The State also observes that an offense that only imposes a fine is an infraction to be proved by the State by only a preponderance of evidence. The burden of proof and the need to appoint counsel are not issues before us, and we decline to address these arguments.

## Court Costs

Esteban Flores next contends that the trial court erred in ordering him to pay $110 in court costs. He argues that the trial court lacked statutory authority to impose court costs and that RCW 13.04.160 expressly prohibits the court from doing so. The State contends that the trial court may order costs under RCW 13.40.192. We agree with the State.

Whenever a person is convicted in superior court, the trial court may order the payment of legal financial obligations as part of the sentence. RCW 9.94A.760(1). Financial obligations include court costs. RCW 10.01.160(2). RCW 13.40.192(1) provides in part: "If a juvenile is ordered to pay legal financial obligations, including . . . court costs . . ., the money judgment remains enforceable for a period of ten years." In addition, RCW 13.04.160, a provision generally enforceable throughout Title 13 RCW,

12

provides: "No fees shall be charged or collected by any officer or other person for filing petition, serving summons, or other process under this chapter."

The juvenile department of the Superior Court of Walla Walla County adjudicated Esteban Flores' case. Thus, both the general legal financial obligation provision of RCW 10.01.160 and chapter 13.40 RCW provide statutory authority for a court to order Flores to pay $110 in court costs. The general provision to which Flores cites, RCW 13.01.160, only prohibits the imposition of fees for filing a petition, serving a summons, or "other process." The statute does not prohibit the imposition of financial obligations under Title 10 RCW. Thus, on remand, the juvenile court may still impose legal financial obligations that are statutorily authorized.

## CONCLUSION

We vacate Esteban Flores' sentence and remand for resentencing. The trial court may not impose detention time, incarceration, community supervision, or community service on Esteban Flores.

Fearing, J.

Fearing, C.J.

WE CONCUR:

Siddoway, J.

Lawrence-Berrey, J.

13