

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2016 OCT -3 AM 10: 55

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73149-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ROSEMARY HARRIET KAMB, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 3, 2016 |
| | ) | |

BECKER, J. — Former attorney Rosemary Kamb pleaded guilty to first degree theft from a trust she administered as trustee. She appeals the court's restitution award, arguing that she was entitled to an offset for trustee services and that certain checks should not have been included in the restitution amount. Because the court did not abuse its discretion in denying an offset but erroneously included several checks in the restitution amount, we affirm in part and remand in part.

Beginning in 1998, Kamb served as the trustee of the Paul Keating Trust. Following Mr. Keating's death in August 2010, Mount Vernon police received information indicating Kamb had misappropriated some $200,000 from the Keating trust. Based on those allegations, the State charged her with first degree theft.

No. 73149-1-I/2

Kamb entered an Alford[1] guilty plea and stipulated to an aggravating circumstance—i.e., using her position of trust, confidence, or fiduciary responsibility to facilitate the commission of the theft—for sentencing purposes. The court imposed an exceptional sentence of 30 months' confinement. Following a hearing, the court ordered Kamb to pay restitution in the amount of $25,000.00 to Dorothy Knott and $204,909.25 to Woodland Park Zoo. Kamb appeals the restitution award.

We review a trial court's decision to impose restitution and the amount of that restitution for abuse of discretion. State v. Woods, 90 Wn. App. 904, 906, 953 P.2d 834, review denied, 136 Wn.2d 1021 (1998). The loss amount need not be established with specific accuracy, but it must be supported by substantial credible evidence. State v. Griffith, 164 Wn.2d 960, 965, 195 P.3d 506 (2008). The trial court must have a reasonable basis for determining the estimated loss, and its determination must not be based on mere speculation or conjecture. Griffith, 164 Wn.2d at 965. When, as here, the defendant disputes the restitution amount, the State must prove the amount by a preponderance of the evidence. Griffith, 164 Wn.2d at 965.

Kamb first contends the court abused its discretion in awarding restitution without determining and offsetting her reasonable compensation for trustee services. We disagree.

---

[1] North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

- 2 -

Whether to offset a restitution award is a matter within the trial court's discretion. Cf. State v. Shannahan, 69 Wn. App. 512, 519-20, 849 P.2d 1239 (1993). The restitution statutes are "intended to ensure that defendants fulfill their responsibility to compensate victims for losses resulting from their crimes." State v. Gonzalez, 168 Wn.2d 256, 265, 226 P.3d 131, cert. denied, 562 U.S. 928 (2010). They expressly do not "limit civil remedies . . . available to the victim, survivors of the victim, or offender." RCW 9.94A.753(9) (emphasis added). And they allow judges "considerable discretion" to impose restitution "up to double the offender's gain or the victim's loss." State v. Kinneman, 155 Wn.2d 272, 282, 119 P.3d 350 (2005) (restitution statute "does not say that the restitution ordered must be equivalent to the injury, damage or loss, either as a minimum or a maximum, nor does it contain a set maximum that applies to restitution").

Here, the State sought $229,909.25 in restitution. The prosecutor argued that while the amount did not "account for trustee fees," Kamb was "not entitled to any trustee fees having looted the accounts." Kamb stipulated to $48,000.00 in restitution but disputed the rest. Her counsel argued, among other things, that Kamb was entitled to fees for her trust work and that the State failed to prove she intended to deprive the trust of any more than $48,000.00. The court sided with the State, ruling in part:

> in terms of restitution, . . . I don't believe that there is any showing or I don't believe that Ms. Kamb has made any showing that she was entitled to any payment, whatsoever, for her services in managing this trust *because it was clear mismanagement and misdirection of funds.*
> If she believes that she is entitled to any reimbursement for her services, then she can maintain an action against the trust. But I don't believe she has showed any demonstration that she is

entitled to anything. I believe the amount established by the State is the appropriate amount. . . .

. . . .

. . . *the State has met its burden in establishing those [restitution amounts] by a sufficient weight of the evidence.* I think it very clearly established and easily ascertained based on the hours and hours of testimony we had.

(Emphasis added.)

Thus, the court declined an offset because of Kamb's "clear mismanagement and misdirection of funds" and because Kamb has civil remedies. These were tenable reasons for denying an offset. As the State points out, any action Kamb took on behalf of the trust, whether proper or improper, could reasonably be viewed as part of an effort to maintain control of the trust and further her overall criminal enterprise, not to benefit the trust. The court did not abuse its broad discretion in ordering restitution without an offset.

Kamb next contends that four trust checks were wrongly included in the restitution amount. The State concedes that two checks to Skagit Valley Medical Center and Skagit Valley Hospital for $38.10 and $93.57 respectively were wrongly included in the restitution amount. We accept the State's concession. Because the award of $204,909.25 in restitution to Woodland Park Zoo was based on calculations that included those checks, we remand for the court to reduce the restitution amount by the amount of the checks.

The State argues, however, that the other two checks challenged by Kamb—one to "Josephine White" for "caregiving" and one to "Cash"—were properly included in the restitution amount. The State points out, and we concur,

that Kamb's claims regarding the check to "Cash" overlook contrary expert testimony supporting the check's inclusion in the restitution amount.

As for the check to Josephine White, Kamb contends the State failed to demonstrate by a preponderance of the evidence that the check was not legitimate. She notes that the check was endorsed by White and contends the State introduced no evidence demonstrating its illegitimacy. But the State's expert testified that she included expenditures in the restitution amount when she could find no reasonable explanation for the expenditure. She said she googled the names of unknown payees to determine whether the checks were legitimate. She also examined the trust's records. Accordingly, her testimony that she had no idea who Josephine White was supports an inference that she found no invoice or other information in the trust's records or elsewhere supporting the payment to White. The State carried its burden of proving, by a preponderance of the evidence, that the payment to White was not legitimate.

Affirmed in part and remanded in part for reduction of the restitution award.

Becker, J.

Verellen, C.J.

Spearman, J.